# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| KIMBERLY DAWN LOCKWOOD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00496 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| WILLIAMSON COUNTY SCHOOLS, | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 21) recommending the Court grant Defendant's Motion to Dismiss (Doc. No. 5) and dismiss Plaintiff's federal claims under the Fourth Amendment, the Ninth Amendment, the Fourteenth Amendment, HIPPA, and FERPA, and dismiss Plaintiff's ADA claims without prejudice to refiling after she has exhausted administrative remedies. The Magistrate Judge also recommends the Court decline to extend supplemental jurisdiction over Plaintiff's state law claims and that these claims be dismissed without prejudice to filing in state court.

The Report and Recommendation advised the parties that any objections to the Magistrate Judge's findings were to be filed within fourteen days of service (Doc. No. 21 at 18). After the entry of the Report and Recommendation on December 16, 2022, Plaintiff filed two documents: (1) Denial of Due Process and Denial of Rights That Affect My Welfare Due to Denial of Medical Treatment (Doc. No. 22); and (2) Denial of Legal Representation and Equal Protection Under the Law (Doc. No. 23).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

It is not clear whether Plaintiff intended her recent filings (Doc. Nos. 22, 23) to serve as objections to the Report and Recommendation. Neither filing addresses the Report and Recommendation at all. Instead, these filings appear to add additional factual allegations, requests for discovery, and a request that the Court appoint legal counsel. Even if Plaintiff's recent filings are intended to be objections to the Report and Recommendation, because neither filing raises specific objections, the Court will not conduct a *de novo* review.

Plaintiff's request for the appointment of counsel to represent her in this matter is **DENIED**. Appointment of counsel in a civil case is not a constitutional right and is generally allowed only in exceptional cases. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The Court is not persuaded that appointment of counsel is warranted in this matter.

The Court has reviewed the Report and Recommendation (Doc. No. 21) and concludes that it should be **ADOPTED** and **APPROVED**. Accordingly, Defendants' Motion to Dismiss (Doc. No. 5) is **GRANTED**. Plaintiff's federal claims under the Fourth Amendment, the Ninth Amendment, the Fourteenth Amendment, HIPPA, and FERPA are **DISMISSED**. Plaintiff's

ADA claims are **DISMISSED WITHOUT PREJUDICE** to refiling after Plaintiff has exhausted administrative remedies. The Court declines to exercise jurisdiction of Plaintiff's state law claims and these claims are **DISMISSED WITHOUT PREJUDICE** to filing in state court.

    The Clerk is directed to close the file.

    It is so **ORDERED**.

                                            WILLIAM L. CAMPBELL, JR.
                                            UNITED STATES DISTRICT JUDGE